IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NORTHERN DIVISION

|  |  |
|---|---|
| Polk Audio, Inc., | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: WMN00-CV-1281 |
| One Solution Corporation d/b/a | ) |
| JoeMommaComputer.com, et al. | ) |
| Defendants | ) |

**CONSENT ORDER**

Plaintiff, Polk Audio, Inc. ("Polk Audio") having filed a Complaint seeking damages, injunctive, and other relief against Defendants, One Solution Corporation d/b/a JoeMommaComputer.com ("One Solution"), and Beth Garnett (collectively referred to hereinafter, unless otherwise noted, as "Defendants"); and Defendants having not answered Polk Audio's Complaint; and the parties having agreed to settle this action under the provisions of this Consent Order; now, therefore, upon consent of the parties hereto, it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

1. Polk Audio's claims existing as of the date of this Consent Order and alleged in this action be and the same hereby are dismissed, with prejudice, but without prejudice to Polk Audio making a Motion for Contempt in the event Plaintiff claims a violation of this order.

2. Commencing with the date of entry of this Consent Order, Defendant, One Solution, its officers, employees, while employed by Defendant One Solution, and its successors and

assigns, and Defendant Garnett in her individual capacity as president, Chief Executive Officer or owner of Defendant One Solution or as a director, officer or employee with managerial responsibilities for purchasing, selling or advertising audio products for any other corporation, partnership or other entity, shall permanently cease and desist and refrain from:

a) buying or selling any product manufactured or, to their knowledge, products distributed by Polk Audio bearing the Polk or Polk Audio name imprinted thereon,

b) advertising, promoting or displaying any product manufactured by Polk Audio or to their knowledge products distributed by Polk Audio bearing the Polk or Polk Audio name imprinted thereon, with the exception of: (1) products not manufactured by Polk Audio and in which a Polk Audio product is an an integrated component and (2) product review discussions of Polk Audio products;

c) maintaining any inventory of any product manufactured or, to their knowledge products distributed by Polk Audio bearing the Polk or Polk Audio name imprinted thereon, with the exception of: (1) products not manufactured by Polk Audio and in which a Polk Audio product is an an integrated component and (2) product review discussions of Polk Audio products;

d) removing, defacing, destroying, or otherwise making illegible the Polk Audio trademark or the original serial number placed on any product manufactured or, to their knowledge, distributed by Polk Audio or the packaging for such product; and

-3-

      e) removing, defacing, destroying, or otherwise making illegible the original printed warranty which accompanies any product manufactured or to their knowledge, distributed by Polk Audio.

Provided, however, that subparagraphs a) through c) immediately above shall not apply in the event that Defendant One Solution or any other corporation, partnership entity or individual referenced immediately above is an authorized Polk Audio dealer under a dealer agreement with Polk Audio or an authorized Polk Audio distributor; and further Defendant(s) shall not be responsible for any content provided to their web site(s) by third parties as long as Defendant(s) as vendors acting on their own behalf, are complying with the items listed in a) through e) and have received no information or written notice in advance of submission of such content by said third party content provider which would have given knowledge to Defendant(s) that such content provided by such third parties infringes upon Polk Audio's trademark rights.

Provided further, however, that this Consent Order shall apply to defendant Garnett individually only to the extent of actions undertaken by her or under her direction, and Defendant Garnett shall otherwise have no responsibility for the actions of any corporation, partnership, or other entity in which she does not have a controlling interest.

3. Defendant One Solution shall provide a copy of this Consent Order to each of its officers, successors and assigns and shall provide Plaintiff with a copy of four vendor sales slips for Polk Audio equipment, which Defendants by a good faith search have located, within ten (10) days of entry of this Consent Order by the Court.

4. In the event Defendant(s) have violated this Consent Order, Plaintiff may make a Motion to hold Defendant(s) in Contempt of Court. Said Motion may include, but shall not be limited to, an application for the costs, fees and disbursements incurred by Polk

Audio with respect to investigating the Contempt and making and prosecuting the Motion.

5. The execution of this Consent Order by Defendants is not an admission by any of them of any of the allegations in the Complaint, nor do any of them admit any wrongdoing or violations of law.

6. Any provision of this Consent Order may be modified by the parties by joint application to the Court, and pursuant to subsequent Court Order.

Baltimore, Maryland

Dated this ____ day of August, 2000

| ONE SOLUTION CORPORATION | POLK AUDIO, INC. |
|---|---|
| By: _____ <br> BETH GARNETT <br><br> By: _____ | By: _____ <br> AL BALLARD, VICE PRESIDENT |
| _____ <br> Leonard A. Sacks & Associates, P.C. <br> One Church Street, Suite 201 <br> Rockville, Maryland 20850 <br> (301) 738-2470 <br><br> Attorney for Defendants | _____ <br> Michael F. Brockmeyer <br> (Fed. Bar No. 02307) <br> Jay I. Morstein <br> (Fed Bar No. 025230) <br> Willie W. Williams <br> (Fed. Bar. No. 025639) <br><br> PIPER MARBURY RUDNICK & WOLFE L.L.P. <br> 6225 Smith Avenue <br> Baltimore, Maryland 21209-3600 <br> (410) 580-3000 <br><br> Attorneys for Polk Audio, Inc |

SO ORDERED

_____  Date: 8/9/00
UNITED STATES DISTRICT COURT JUDGE

-4-